# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT FONTENOT,** Individually and For Others Similarly Situated | § § § § | CASE NO. _____ |
| *Plaintiff,* | § § | |
| v. | § § § | **JURY TRIAL DEMANDED** |
| **FITNESS PROJECT HOUSTON, LLC** | § § § § § § | **FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| *Defendant.* | § | |

## PLAINTIFF'S COMPLAINT

NOW COMES PLAINTIFF, Robert Fontenot ("Plaintiff"), who brings this collective action to recover unpaid mínimum wages and other damages from Defendant Fitness Project Houston, LLC, ("Defendant") and to that end files this Original Complaint:

## I.
### FACTUAL OVERVIEW

1. Defendant hired Plaintiff as a part-time certified personal trainer at Defendant's Kingwood, Texas location on September 14, 2020.

2. Plaintiff is a non-exempt employee who was paid by and through Defendant Fitness Project Houston, LLC. Defendant was Plaintiff's "employer" pursuant to the terms of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d).

3. Starting on or about February 1, 2021, Defendant failed to pay Plaintiff minimum wage for work performed. Specifically, Defendant failed to pay Plaintiff any

amount at all for the hours he worked for Defendant outside of his personal training sessions. Plaintiff was required to perform this unpaid work at Defendant's request.

4. Plaintiff properly recorded the hours he worked by clocking in and clocking out of Defendant's electronic time-keeping system, and Defendant's own records prove that Plaintiff was not paid minimum wage, in violation of the FLSA.

5. On or about July 27, 2023, Plaintiff reported Defendant's violations of the FLSA's requirement to pay minimum wage to Defendant's Vice President of Operations, Dion Booker, by providing Mr. Booker with a Department of Labor fact sheet.

6. On the week of August 23, 2023, Plaintiff's manager, Neil McNeil, demanded that Plaintiff begin performing additional work tasks not related to his personal training on behalf of Defendant, and for which Defendant would not compensate Plaintiff. This demand was also in violation of the FLSA.

7. After Plaintiff refused to perform additional tasks for which he would not be compensated, Defendant retaliated against Plaintiff by terminating him on August 31, 2023, on the basis of a pretextual sexual harassment claim. Plaintiff was never informed of any sexual harassment allegations, never interviewed regarding any sexual harassment allegations, and never received any feedback from Defendant regarding sexual harassment. Plaintiff further denies any claims of sexual harassment.

8. Defendant employed several other employees, each under 40 years of age, who were accused of sexual harassment. For these employees, Defendant, unlike with Plaintiff, performed investigations of the sexual harassment investigations that included formal write-ups prior to termination. Plaintiff knows this because **Defendant engaged**

**Plaintiff**, who has decades of experience working in human resources, to assist in conducting these sexual harassment investigations.

9. Simply stated, Defendant treated Plaintiff differently than other employees under 40 years of age with respect to its sexual harassment investigation policy.

10. Following his unlawful termination, Plaintiff attempted to sign up and join Defendant's gym as a member. Defendant denied Plaintiff's application, claiming that he was banned from its gym. Meanwhile, Defendant allowed a different former employee, who is under 40 years of age and who Defendant terminated for cause, to join Defendant's gym as a member.

## II.
### JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. This Court also original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this involves a federal question under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 623.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because all parties reside in this district and this is a district in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## III.
### CONDITIONS PRECEDENT

14. On June 26, 2024, Plaintiff timely filed a charge of age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

15. On or about July 19, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

## IV.
### PARTIES

16. Plaintiff Robert Fontenot is a seventy-one (71) year old male who resides in Harris County, Texas. Plaintiff is a citizen of Texas.

17. Plaintiff brings this collective action on behalf of himself and all other similarly situated Certified Personal Fitness Trainers who worked for, or on behalf of, Defendant, who were not paid the applicable minimum wages.

18. Defendant failed to pay each of these Certified Personal Fitness Trainers the statutory minimum wage, in willful violation of the FLSA.

19. The putative collective of similarly situated employees is defined as:

> **Those current and former employees who worked for, or on behalf of, Defendant, provided personal training services, and were not paid the statutory minimum wage at any time during the past 3 years (the "FLSA Minimum Wage Class Members").**

20. Defendant Fitness Project Houston, LLC, is a Texas limited liability company who may be served with process through its registered agent, Bryan Murphy, 6511 FM 1488, Magnolia, Texas 77354, or wherever it may be found.

## V.
### FLSA COVERAGE

Page **4** of **12**

21. At all relevant times, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Defendant was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

24. At all relevant times, Defendant has had an annual gross volume of sales made or business done of not less than $500,00.00 (exclusive of excise taxes at the retail level which are separately stated).

25. At all relevant times, the FLSA Minimum Wage Class Members were Defendant's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

26. Defendant treated Plaintiff and the other FLSA Minimum Wage Class Members as employees and uniformly dictated the pay and other employment practices it applied to them.

27. At all relevant times, Plaintiff and the other FLSA Minimum Wage Class Members were engaged in commerce or in the production of goods for commerce.

28. Defendant uniformly failed to pay Plaintiff and the other FLSA Minimum Wage Class Members the applicable statutory minimum wage.

29. Defendant applied its illegal pay scheme to Plaintiff and the other FLSA Minimum Wage Class Members regardless of any alleged individualized factors, such as specific job title or geographic location.

30. By paying Plaintiff and the other FLSA Minimum Wage Class Members under its illegal pay scheme, Defendant did not pay Plaintiff and the other FLSA Minimum Wage Class Members the applicable statutory minimum wage.

31. Defendant's illegal pay scheme therefore violates the FLSA. 29 U.S.C. § 206(a).

## VI.
### COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings the first Cause of Action, an FLSA minimum wage claim, on behalf of himself and the FLSA Minimum Wage Class Members who elect to join this action pursuant to 29 U.S.C. § 216(b).

33. The FLSA Minimum Wage Class Members are defined in Paragraph 19.

34. All of the work that Plaintiff and the FLSA Minimum Wage Class Members have performed has been assigned by Defendant and Defendant has been aware of all of the work that Plaintiff and the FLSA Minimum Wage Class Members have performed.

35. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to Plaintiff and the FLSA Minimum Wage Class Members. This conduct includes, but is not limited to:

    a. Willfully failing to pay Plaintiff and the FLSA Minimum Wage Class Members the minimum wage for all hours worked; and

  b. Willfully failing to record all of the time that Plaintiff and the FLSA Minimum Wage Class Members have worked for the benefit of Defendant.

36. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Minimum Wage Class Members.

37. The specific job titles or precise job requirements of the various FLSA Minimum Wage Class Members do not prevent collective treatment.

38. All of the FLSA Minimum Wage Class Members-regardless of their specific job titles, precise job requirements, rates of pay, or job locations-are entitled to be paid the applicable statutory minimum wage.

39. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

40. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its rampant violations.

41. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

42. Defendant is aware or should have been aware that federal and state law required it to pay Plaintiff and the FLSA Minimum Wage Class Members the minimum wage for all hours worked.

43. Defendant's conduct has been widespread, repeated, and consistent.

44. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Minimum Wage Class Members.

45. Upon information and belief, the FLSA Minimum Wage Class Members consist of many similarly situated individuals who have been underpaid by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Minimum Wage Class Members pursuant to 29 U.S.C. § 216(b).

## VII.
### FIRST CAUSE OF ACTION
### Fair Labor Standard Act
### Failure to Pay Minimum Wage
### (Brought on behalf of Plaintiff and the FLSA Minimum Wage Class Members)

46. Plaintiff incorporates all preceding paragraphs herein by reference.

47. Defendant failed to pay Plaintiff and the FLSA Minimum Wage Class Members the minimum wages to which they are entitled under the FLSA.

48. Defendant has engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

49. At all times relevant, Plaintiff and the FLSA Minimum Wage Class Members were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

50. At all times relevant, Plaintiff and the FLSA Minimum Wage Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

51. At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

52. Defendant was required to pay Plaintiff and the FLSA Minimum Wage Class Members the applicable minimum wage for all work performed from October 18, 2021, to the present.

53. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Minimum Wage Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §(b).

54. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Minimum Wage Class Members.

55. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## VIII.
## SECOND CAUSE OF ACTION
## Discriminatory Termination Based on Age in Violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634
## (Brought on Behalf of Plaintiff)

56. Plaintiff incorporates all preceding paragraphs herein by reference.

57. Plaintiff was 71 years old and qualified for his position when Defendant fired him.

58. Defendant marginalized Plaintiff while treating younger, similarly situated employees more favorably. Specifically, Defendant terminated Plaintiff on the basis of a sexual harassment allegation for which he was never interviewed, investigated, nor received any feedback about. In stark contrast, Defendant, with employees under 40 years of age who were accused of sexual harassment, performed investigations of the sexual harassment investigations that included formal write-ups prior to termination.

59. Plaintiff suffered damages because of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

60. Defendant willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

## IX.
## JURY DEMAND

61. Plaintiff hereby demands a jury trial.

# X.
## PRAYER

WHEREFORE, Plaintiff, individually and on behalf of the other FLSA Minimum Wage Class Members, respectfully requests the following relief:

(a) An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Minimum Wage Class Members allowing them to join this action by filing a written notice of consent;

(b) An Order finding Defendant liable to Plaintiff and the FLSA Minimum Wage Class Members for unpaid minimum wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid minimum wages;

(c) A Judgment against Defendant awarding Plaintiff and the FLSA Minimum Wage Class Members all their unpaid minimum wages, liquidated damages, and any other penalties under the FLSA;

(d) An Order awarding attorney's fees, costs, and expenses;

(e) Additional equitable relief as authorized by statutes;

(f) Pre- and post-judgment interest at the highest applicable rates; and

(g) Additional equitable relief as authorized by statutes; and

(h) Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**MIZE MELTSER PLLC**

**By:** /s/ Katherine T. Mize
**Katherine T. Mize**
Federal I.D. No. 15523
State Bar No.: 00784617
Email: katherine.mize@mizepc.com
**Michael Meltser**
Federal I.D. No. 3520311
State Bar No.: 24116758
Email: mike.meltser@mizepc.com
717 Texas Avenue, Suite 1200

Houston, Texas 77002
Telephone: (713) 595-9675
Facsimile: (713) 595-9670

**ATTORNEYS FOR PLAINTIFF & THE FLSA MINIMUM WAGE CLASS MEMBERS**